15-766
Ye v. Lynch

BIA
Zagzoug, IJ
A200 931 588

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of October, two thousand sixteen.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

SONG YE,
> *Petitioner,*

> v.                                        15-766
>                                           NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael Brown, New York, New York.

FOR RESPONDENT:          Benjamin Mizer, Principal Deputy Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; John M. McAdams, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Song Ye, a native and citizen of the People's Republic of China, seeks review of a February 24, 2015, decision of the BIA affirming a January 7, 2013, decision of an Immigration Judge ("IJ") denying Ye's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Song Ye,* No. A200 931 588 (B.I.A. Feb. 24, 2015), *aff'g* No. A200 931 588 (Immig. Ct. N.Y. City Jan. 7, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," and inconsistencies in the

record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *accord Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Ye was not credible as to his claim that he suffered and fears persecution in China on account of his Christian faith.

The IJ reasonably relied on Ye's demeanor, noting that he was hesitant and vague while testifying. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the record.

The IJ's demeanor finding and the overall credibility determination are bolstered by record inconsistencies regarding when Ye was arrested, how severely he was injured in detention, why he failed to seek medical care after his release from detention, and with whom he attends bible study in the United States. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67 & n.3. Moreover, the agency reasonably questioned Ye's credibility as to his religious practice because he claimed to have proselytized to Chinese villagers about the gospels, but he could not explain the gospels at his hearing. *See Rizal v.*

3

*Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (recognizing that there may be "instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding").

Moreover, the agency reasonably relied further on Ye's failure to submit corroborating evidence sufficient to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably declined to credit evidence that was inconsistent with Ye's testimony, as well as unsworn letters from Ye's mother and friend in China. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Accordingly, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of Ye's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). As a consequence, we do not consider the agency's alternative bases for denying relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies

4

are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```